**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jamie Maxine O'Connor,<br><br>Plaintiff,<br><br>v.<br><br>United States of America,<br><br>Defendant. | No. CV-22-00257-PHX-JAT<br><br>**ORDER** |

Pending before the Court is the United States of America's ("Defendant") motion to dismiss Jamie Maxine O'Connor's ("Plaintiff") claim against it for failure to comply with A.R.S. § 12-2603(B). (Doc. 24). Plaintiff has not responded to the motion within the time allotted. *Compare* LRCiv 7.2(c), *with* LRCiv 12.1. Also pending is Defendant's motion to stay or extend case management deadlines. (Doc. 25). The Court now rules.

**I.    BACKGROUND**

Plaintiff brought this medical negligence claim against Defendant under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680, seeking recovery for her father's death from epithelioid sarcoma following medical treatment at a hospital run by the United States Department of Veterans Affairs. (Doc. 1 at 1–2). Section 12-2603 of the Arizona Revised Statutes requires "plaintiffs alleging medical malpractice to certify whether expert testimony will be needed to prove their claims." *Gorney v. Meaney*, 150 P.3d 799, 801 ¶ 5 (Ariz. App. 2007) (citing A.R.S. §§ 12-2603(A)–(B)); *Cornerstone Hosp. of Southeast Ariz. v. Marner*, 290 P.3d 460, 466 ¶ 17 (Ariz. App. 2012) ("[Section] 2603 . . . applies to

claims asserted . . . against a health care professional, that is, claims that are medical-based or medical-related."). If the claimant certifies that "expert opinion testimony is necessary," the claimant is required to "serve a preliminary expert opinion affidavit." A.R.S. § 12-2603(B). This affidavit, fundamentally, must be from an expert. *Id.* Further, it must describe the expert's qualifications to give an opinion, explain the factual basis for the medical malpractice claim, and set forth the expert's opinion regarding both violation of the standard of care and causation. *See id.* If the claimant fails to file and serve this affidavit after being ordered to do so or after certifying that expert opinion testimony is necessary, the Court "shall dismiss the claim . . . without prejudice." *Id.* § 12-2603(F). The statute requires that this affidavit be served with a claimant's initial disclosures. *See* A.R.S. § 12-2603(B).

Plaintiff's initial disclosures were due on August 29, 2022. (*See* Doc. 17 at 1). During a scheduling conference in late August which Plaintiff did not attend, Defendant's counsel notified the Court that Plaintiff had not filed the certification with her claim and had not yet served a preliminary expert opinion affidavit. The Court initially gave Plaintiff until September 2, 2022, to comply with sections 12-2603(A) and (B). (*See id.* at 8). After the deadline had passed, Plaintiff moved for an extension of time, (Doc. 20), which the Court granted, setting a firm deadline of October 31, 2022, (Doc. 22 at 3). In extending the initial deadline the Court noted that the relatively generous length of the extension was to allow Plaintiff time to "retain an expert who could comply with A.R.S. § 12-2603(B)" before the deadline expired. (*Id.* at 2–3).

**II.   ANALYSIS**

Defendant argues that § 12-2603 applies to claims in federal court under the FTCA and mandates dismissal in this case. (Doc. 24 at 3–7). Federal district courts addressing the issue have uniformly held that § 12-2603 is applicable to FTCA claims. *Kusch v. United States*, No. CV-17-01008-PHX-DJH, 2017 WL 11478816, at *2 (D. Ariz. Dec. 19, 2017) (citing *Mann v. United States*, No. CV-13-1224-TUC-CKJ, 2014 WL 4230810, at *6 (D. Ariz. Aug. 27, 2014). Because Plaintiff's claim is an FTCA claim premised on Arizona

1 medical negligence law, the Court finds that the requirements of § 12-2603 apply to her
2 claim. Plaintiff has timely certified (within the extended deadline set by the Court) that
3 expert testimony is required. (Doc. 23). Thus, Plaintiff has complied with the requirement
4 of § 12-2603(A) to certify whether expert testimony is needed.

5 She has not, however, complied with the requirement of § 12-2603(B) to timely
6 provide a preliminary expert opinion affidavit. Attached to Plaintiff's certification that
7 expert testimony is needed are several pages primarily consisting of what appears be
8 copied-and-pasted text from internet sources. (*See* Doc. 23). But this text is not an affidavit,
9 is not from an expert, and does not describe any expert's qualifications to give an opinion.
10 Because it was not prepared by an expert, it does not set forth an expert's opinion regarding
11 violation of the standard of care or causation. It is therefore not the preliminary expert
12 opinion affidavit required under § 12-2603(B). Rather, it strongly suggests that Plaintiff
13 has not secured an expert to provide the expert testimony which she has certified is
14 required.

15 The Court finds that Plaintiff has not filed or served the required affidavit after
16 certifying one was necessary and after having been ordered to do so. Dismissal without
17 prejudice is therefore required under A.R.S. § 12-2603(F). *See Sanchez v. Old Pueblo*
18 *Anesthesia, P.C.*, 183 P.3d 1285, 1291 ¶ 22 n.8 (Ariz. App. 2008) (indicating that dismissal
19 without prejudice is proper under § 12-2603 where a plaintiff certifies that an affidavit is
20 necessary but fails to file it). The Court will dismiss the case on this basis, and therefore
21 will not reach Defendant's alternative basis for dismissal under Fed. R. Civ. P. 41(b).

22 **III.   CONCLUSION**
23 Based on the foregoing,
24 **IT IS ORDERED** that Defendant's motion to dismiss (Doc. 24) is granted. This
25 case is dismissed without prejudice pursuant to A.R.S. § 12-2603(F). The Clerk of the
26 Court shall enter judgment accordingly.
27 / / /
28 / / /

**IT IS FURTHER ORDERED** that Defendant's motion to stay or extend case management deadlines (Doc. 25) is denied as moot.

Dated this 24th day of April, 2023.

James A. Teilborg
Senior United States District Judge